# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rateek Allah, ) | Civil Action No. 9:16-0459-BHH-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Lt. Hensley and Lt. Shatto, ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] The Complaint was filed on February 12, 2016, at which time Plaintiff was an inmate at FCI-Estill in Estill, South Carolina. Plaintiff is now incarcerated at FCI Coleman in Coleman, Florida. See Court Docket No. 22.

On June 28, 2016, the undersigned entered a Report and Recommendation recommending dismissal of Plaintiff's Complaint without prejudice and without issuance and service of process due to, inter alia, Plaintiff's failure to provide the documents necessary to bring this case into proper form, or to contact the Court in any way in response to the Court's Orders. After Plaintiff

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Even so, Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

1



responded to the Report and Recommendation by submitting some additional documents, the Honorable Bruce Howe Hendricks, United States District Judge, entered an Order on October 31, 2016 remanding this matter to the undersigned for further proceedings. As part of that Order, Judge Hendricks admonished Plaintiff that he was "again specifically instructed that he must timely comply with all of the court's orders and a failure to do so may result in this action being dismissed." See Court Order filed October 31, 2016 (Court Docket No. 23, p. 3).

After remand, the summons were issued on November 2, 2016. However, both summons were returned unexecuted on December 14, 2016. See Court Docket No. 32. In an Order filed January 4, 2017, Plaintiff was reminded that he is responsible for providing service information for the named Defendants; see also, Orders (Court Docket Nos. 8 and 27); and that his case could be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., if he failed to provide the necessary information. See Order (Court Docket No. 33). Plaintiff did not respond to that order, or (again) even contact the Court.

Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within ninety (90) days after the complaint is filed, the court - on motion or on its own after notice to the Plaintiff - must dismiss the action without prejudice against that Defendant . . . but if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Here, the time for service began to run on November 2, 2016, and the ninety (90) day period for service provided by Rule expired on February 2, 2017. Therefore, unless Plaintiff has made proper service on the Defendants or has presented good cause for the failure to serve the Defendants, this case is subject to dismissal. The docket reflects that the Defendants have not been served, and Plaintiff has not provided any cause to the Court or even contacted the Court about this matter, despite having



been instructed to so so through a court order. Therefore, this case should be dismissed, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.

Alternatively, the undersigned finds that Plaintiff also meets the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982).[2] Accordingly, this action is subject to dismissal with prejudice for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [prior explicit warning that a dismissal would result from plaintiff failing to obey court orders was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

**Conclusion**

Based on the foregoing, it is recommended that this case be dismissed, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P. Alternatively, this case should be dismissed, with prejudice, for failure to prosecute under Rule 41(b), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 8, 2017
Charleston, South Carolina



---

[2] He is personally responsible for proceeding in a dilatory and unresponsive fashion, no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions), and he has failed to respond to Court filings despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

